IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY KNUTSON,

                  Petitioner,

v.                                                  OPINION and ORDER

GEORGE LENZNER,                               24-cv-126-jdp

                  Respondent.[1]

---

Jeremy Knutson, appearing without counsel, is currently detained at the Shawano County Jail after being charged with various crimes including battery, resisting an officer, disorderly conduct, and bail jumping. *State v. Knutson*, Shawano County Case No. 2024CF27. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 contending that officers violated his Fourth Amendment rights in the course of arresting him, that his preliminary hearing has been delayed, and that various conditions of his confinement violate the United States Constitution.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[2] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this pro se petition, I must read the allegations generously, holding them to a less

---

[1] Knutson named the state of Wisconsin as the respondent, but the proper respondent is his custodian, in this case the Shawano County sheriff. I have amended the caption to substitute Sheriff Lenzner.

[2] The § 2254 rules may be applied to other types of habeas cases. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Knutson has filed supplements to his petition, Dkt. 6; Dkt. 8; Dkt. 10, a motion for judgment on the pleadings, Dkt. 12, and an unsupported motion for summary judgment, Dkt. 14. After considering all of these materials, I will dismiss the petition and deny his pending motions because he is not entitled to relief on any of his claims.

Knutson's claims about the conditions of confinement at the jail, such as inadequate medical care and violation of his religious preferences, cannot be heard in this habeas petition regarding the validity of his custody. Knutson has filed a separate civil rights action about those conditions under 42 U.S.C. § 1983, *see* Case No. 24-cv-140. I will consider that complaint in a separate order.

As for Knutson's claim of false arrest, a federal court should exercise discretion when considering a pretrial habeas corpus petition so as to "avoid[ ] interference with the process" of the state courts. *Baldwin v. Lewis*, 442 F.2d 29, 32 (7th Cir. 1971) (quoting *Ex parte Royall*, 117 U.S. 241, 252 (1886)). Absent exceptional circumstances, a federal court must abstain from interfering with ongoing state-court criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" *Id.* at 49 (citing *Douglas v. City of Jeannette*, 319 U.S. 157, 164 (1943)). Knutson's claim of false arrest is the type of issue common to state criminal proceedings that must be handled within those proceedings; Knutson must raise this issue in state court.

Speedy-trial claims may constitute the type of "exceptional circumstance" that would allow this federal court to intervene in state-court criminal proceedings. But Knutson's

allegations do not support a habeas claim that this court can hear. He states (and my review of electronic CCAP records confirms) that it has been about three months since his detention and he still has not had a preliminary hearing because the court and state public defender cannot find him a lawyer. Under Wis. Stat. § 970.03(2), a detained defendant generally must receive a preliminary hearing within 10 days of his initial appearance. That hasn't happened here. But even if that delay did violate state law (and it is unclear that it does, given that courts may extend the deadline for cause), a violation of state law alone cannot form the basis for federal habeas relief. *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003).

The other problem with Knutson's claim for delay is that he hasn't first litigated the issue in the state court system. *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (even when "exceptional circumstances" supporting federal habeas petition for pretrial detainee exist, petition must exhaust state-court remedies before coming to federal court). Rather than seek habeas relief in this federal court, Knutson must litigate his claim in the state circuit court and, if necessary, the court of appeals and Wisconsin Supreme Court.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist

3

would debate the outcome here, I will not issue Knutson a certificate of appealability. Knutson may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. The caption is AMENDED as set forth above.

2. Petitioner Jeremy Knutson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED.

3. Petitioner's pending motions are DENIED.

4. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered April 15, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge